HUGHES HUBBARD & REED LLP
James C. Fitzpatrick
Elizabeth A. Beitler
One Battery Park Plaza
New York, New York 10004-1482
Telephone:  212-837-6000
Fax:  212-422-4726
Email:  james.fitzpatrick@hugheshubbard.com
         elizabeth.beitler@hugheshubbard.com

Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ATLAS AIR, INC., <br>                 Plaintiff, <br><br> vs. <br><br> SUPARNA AIRLINES CO. LTD. f/k/a YANGTZE RIVER AIRLINES CO. LTD. and HNA MODERN LOGISTICS GROUP, <br>                 Defendants. | Civil Action No. <br><br><br> **COMPLAINT** |

        Plaintiff Atlas Air, Inc. ("Atlas" or "Plaintiff"), by and through its undersigned attorneys, brings this action for over $1.2 million in damages, plus accrued interest and additional fees, resulting from contract breaches by defendants Suparna Airlines Co. Ltd., formerly known as Yangtze River Airlines Co. Ltd. ("Suparna"), and HNA Modern Logistics Group ("HNA," and together with Suparna, "Defendants"), and alleges as follows:

**NATURE OF THE ACTION**

        1.     This case arises from Suparna's failure to make over $1.2 million in payments pursuant to an Aircraft Operating Agreement it entered into with Atlas in May 2017, and which was amended in June 2017 (the Agreement as amended, the "Lease," a copy of which is attached hereto as Exhibit A).  Defendant HNA guaranteed the payment obligations of Suparna under the Lease.  (The "Guaranty Agreement" is attached as Exhibit A to the original Lease, and a separate

"Guaranty Letter" is attached hereto as Exhibit B.)  HNA has also failed to pay the more than $1.2 million that Suparna owes.

## THE PARTIES

2.      Plaintiff Atlas is a global provider of outsourced aircraft and aviation operating solutions.  It is a Delaware corporation having its principal place of business at 2000 Westchester Avenue, Purchase, New York 10577, USA.

3.      Defendant Suparna is an airline providing both cargo and passenger services.  On information and belief, it is a corporation organized under the laws of China with its principal place of business at 12F Building A, Yunding International Plaza, No. 800, Chengshan Road, Pudong, Shaghai 200120, P.R. China.

4.      Defendant HNA is an airfreight logistical support provider.  On information and belief, it is a corporation organized under the laws of China with its principal place of business at F/35, SG City Square, Fengcheng 7th Road, Weiyang District, Xi'an City, Shaanxi Province, 710018, P.R. China.

## JURISDICTION AND VENUE

5.      The Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(2) because it arises between a citizen of the States of New York and Delaware and citizens of foreign states, as defined in 28 U.S.C. 1603(a), and the amount in controversy exceeds $75,000, exclusive of interest and costs.

6.      Venue is proper in this Court pursuant to Paragraph 21 of the Guaranty Agreement, which states:

> Each Party hereby irrevocably agrees, accepts and submits to, for itself and in respect of any of its property, generally and unconditionally, the exclusive jurisdiction of the courts of the State of New York in the City and County of New York and of the United States [District Court] for the Southern District of New

> York, in connection with any legal action, suit or proceeding with respect to any matter relating to or arising out of or in connection with this Guaranty or any other operative agreement and fully waives any objection to the venue of such courts . . . .

(Lease Ex. A ¶ 21 at p. 35.) Suparna, Atlas, and HNA are all parties to the Guaranty Agreement and the parties' dispute arises "out of or in connection with [the] Guaranty" and "other operative agreement[s]," namely the Lease.

## FACTUAL ALLEGATIONS

### A. The Aircraft Operating Agreement

7. Suparna and Atlas entered into the Lease as of May 25, 2017. The Lease is what is known in the aircraft industry as a "wet lease," pursuant to which Atlas (as the lessor) agreed to lease certain aircraft to Suparna and to operate those aircraft on Suparna's behalf. In return, Suparna (as the lessee) agreed, among other things, to pay Atlas hourly rates for use of the aircraft and to reimburse Atlas for certain expenses related to the aircrafts' operation. (Lease arts. 2.1, 2.3 at pp. 2-3; *see also* Lease Annex A arts. 2.3-2.5 at p. 26.) Suparna further guaranteed certain minimum payments for flight hours regardless of the number of hours actually flown. (Lease Annex A art. 2.2 at pp. 25-26.)

8. Effective June 26, 2017, Suparna changed its name from "Yangtze River Airlines Co. Ltd." to "Suparna Airlines Co. Ltd." On June 21, 2017, Atlas and Suparna executed an amendment to the Lease to "accomplish[ ] a change of company name only." (Lease, Amendment No. 1 ¶ 2 at p. 38.)

9. On June 27, 2017, Atlas and Suparna executed a second amendment to the Lease, modifying certain cost provisions. (Lease, Amendment No. 2.) Pursuant to Amendment No. 2, Atlas agreed to procure fuel and fueling services for Suparna, with Suparna ultimately responsible to reimburse Atlas for the cost of that procurement. (Lease, Amendment No. 2 ¶ 2 at

pp. 41-42.) Atlas further agreed to provide Suparna with certain logistics-related services, at predetermined rates, to be paid by Suparna in accordance with Article 2.4 of the Lease. (Lease, Amendment No. 2 ¶ 3 at p. 42; *see also* Lease art. 2.4 at pp. 3-4.)

10. Pursuant to the terms of the Lease, Atlas sent invoices to Suparna for the flight hours, fuel expenditures, logistics expenses, and other amounts due. While Suparna made some of the required payments, Suparna has failed to make the payments due and owing to Atlas on multiple invoices.

11. On April 27, 2018, Atlas sent a final demand letter to Suparna, requesting payment of the $3.008 million then-outstanding. On May 9, 2018, Suparna responded to Atlas's demand letter, outlining a payment schedule for $2.524 million of the $3.008 million demanded (the "Payment Schedule," a copy of which is attached hereto as Exhibit C). Atlas countered on May 21, 2018, reiterating its demand for payment of the approximately $3.008 million then-outstanding (the "Response," a copy of which is attached hereto as Exhibit D). Atlas and Suparna agreed to the Payment Schedule, as modified by the Response.

12. On May 31, 2018, Suparna paid Atlas approximately $1 million, pursuant to the Payment Schedule.

13. Atlas and Suparna subsequently agreed to further modify the Payment Schedule such that Suparna would make a final payment of $2.024 million on June 30, 2018. Notwithstanding this agreement, on June 30, 2018, Suparna paid Atlas only $772,613.32.

14. Suparna is currently delinquent in an amount not less than $1,246,331.83, plus late fees and interest. This amount is subject to final reconciliation, and Suparna may become liable for additional fees and expenses under the Lease, following that reconciliation.

B. **The Guaranty Agreement**

15. The Lease provided for HNA's guarantee of Suparna's payment obligations. (Lease art. 1.3 at p. 1.) HNA executed that guarantee on May 25, 2017. The Guaranty Agreement obligated HNA to pay any amounts due to Atlas under the Lease in the event that Suparna failed to pay. (Lease Ex. A ¶ 2 at pp. 30-31.)

16. The Guaranty further provided that "Guarantor further agrees to pay any and all reasonable out-of-pocket costs and expenses (including reasonable fees and disbursements of legal counsel and other professional advisors) that may be paid or incurred by Atlas in collecting any Obligations or in preserving or enforcing any rights under this Guaranty or under the Obligations." (*Id.*)

17. On February 28, 2018, HNA sent a letter to Atlas, implicitly acknowledging the guarantee and stating the following:

> HNA Modern Logistics Group acknowledge that Suparna Airlines Co. Ltd. owe a balance in excess of $8.2M to Atlas Air, Inc., and guaranty that Suparna Airlines Co. Ltd. shall execute a plan of overdue payments as below:
>
> $1.5 million by 28th February
> $2.0 million by 15th March
> $2.5 million by 31st March

(Ex. B.)

18. Atlas did not receive the payments as described in the above schedule.

## FIRST CAUSE OF ACTION
## (BREACH OF THE AIRCRAFT OPERATING AGREEMENT)

19. Plaintiff repeats and re-alleges each and every allegation contained in Paragraphs 1 through 18 above as if fully set forth herein.

20. The Lease is a valid agreement entered into by and between Plaintiff and Suparna.

21. Plaintiff performed its obligations under the Lease.

22. Suparna breached the Lease by failing to make payments to Atlas that it was obligated to make pursuant to the Lease's terms.

23. As a direct and proximate cause of this breach of contract, Plaintiff has suffered damages in an amount to be proven at trial, but not less than $1,246,331.83, plus interest, late fees and any other fees and charges that may become due and payable, as set forth in the Lease.

## SECOND CAUSE OF ACTION
### (BREACH OF THE GUARANTY AGREEMENT)

24. Plaintiff repeats and re-alleges each and every allegation contained in Paragraphs 1 through 23 above as if fully set forth herein.

25. The Guaranty Agreement is a valid agreement entered into by and between Plaintiff, Suparna, and HNA.

26. Plaintiff performed its obligations under the Guaranty Agreement.

27. HNA breached the terms of the Guaranty Agreement, including Paragraph 2, by failing to pay Atlas the amounts owed by Suparna pursuant to the Lease.

28. As a direct and proximate cause of these breaches of contract, Plaintiff has suffered damages in an amount to be proven at trial, but not less than $1,246,331.83, plus interest, late fees and any other fees and charges that may become due and payable, as set forth in the Lease and the Guaranty Agreement.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment against Defendants as follows:

A.  Awarding Plaintiff damages in an amount to be proven at trial but not less than $1,246,331.83, as well as any additional fees that become due and payable under the Lease, plus applicable interest, late fees and costs;

B.  Awarding Plaintiff its attorneys' fees, costs and disbursements in prosecuting this action as provided for in the Guaranty Agreement; and

C.  Awarding Plaintiff such other and further relief as the Court finds just and proper.

Dated: New York, New York
       July 16, 2018

                                      HUGHES HUBBARD & REED LLP

                                      By:  /s/ James C. Fitzpatrick
                                              James C. Fitzpatrick
                                              Elizabeth A. Beitler

                                      One Battery Park Plaza
                                      New York, New York 10004-1482
                                      Telephone: 212-837-6000
                                      Fax: 212-422-4726

                                      Attorneys for Plaintiff